IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JN MEDICAL CORPORATION, | ) | CASE NO. BK17-80174 |
| | ) | |
| Debtor(s). | ) | CHAPTER 11 |

ORDER

This matter is before the court on the issue of a creditor's standing, raised sua sponte on the morning of trial. The arguments have been briefed and the matter is now ready for decision. Patrick R. Turner represents the debtor, and Michael T. Eversden, Robert A. Klyman, Kahn Scolnick, and Daniel Nowicki represent Auro Vaccines, LLC.

The debtor, JN Medical, and Full Circle Capital Corporation are parties to a loan, guaranty and security agreement dated as of June 30, 2014, pursuant to which the debtor borrowed the principal amount of $3,500,000.00. The obligation under the loan agreement was reduced to a written promissory note executed by the debtor. To secure its obligations under this note, the debtor granted Full Circle a deed of trust on various parcels of real property owned by the debtor, as well as a lien on substantially all of the debtor's personal property. On August 17, 2016, Full Circle held a non-judicial foreclosure sale of the debtor's real property assets. In November 2016, Full Circle merged with Great Elm Capital Corp., and Great Elm succeeded to all of Full Circle's rights and interests under the loan agreement with the debtor. Neither Great Elm nor Full Circle sought or obtained a deficiency judgment against the debtor within 90 days thereafter as required by Neb. Rev. Stat. § 76-1013. Effective February 3, 2017, Great Elm sold and assigned all of its rights and interests under the loan agreement to Auro Vaccines, LLC.

JN Medical filed its Chapter 11 bankruptcy petition on February 15, 2017. Auro filed a motion to dismiss the case, a motion for relief from the automatic stay, and a motion for adequate protection. The debtor resisted, and the motions were scheduled for trial on April 21, 2017.

Upon meeting with the attorneys prior to beginning the trial, the court raised the issue of whether a debt was owed to Auro, because no deficiency judgment had been sought or obtained pursuant to Nebraska law within three months after the deed of trust sale of the debtor's real property. The trial was continued to June 8 and the parties were given an opportunity to brief the issues raised concerning Auro's position. Those briefs have been filed and considered, and the court finds Auro lacks standing to pursue its debt in the bankruptcy case.

The Nebraska statutes provide that a deficiency due after a trust deed sale must be reduced to judgment within three months after the sale:

> 76-1013. Sale of trust property; deficiency; action; judgment; amount
>
> At any time within three months after any sale of property under a trust deed, as hereinabove provided, an action may be commenced to recover the balance due upon the obligation for which the trust deed was given as security, and in such action the complaint shall set forth the entire amount of the indebtedness which was secured by such trust deed and the amount for which such property was sold and the fair market value thereof at the date of sale, together with interest on such indebtedness from the date of sale, the costs and expenses of exercising the power of sale and of the sale. Before rendering judgment, the court shall find the fair market value at the date of sale of the property sold. The court shall not render judgment for more than the amount by which the amount of the indebtedness with interest and the costs and expenses of sale, including trustee's fees, exceeds the fair market value of the property or interest therein sold as of the date of the sale, and in no event shall the amount of said judgment, exclusive of interest from the date of sale, exceed the difference between the amount for which the property was sold and the entire amount of the indebtedness secured thereby, including said costs and expenses of sale.

Neb. Rev. Stat. § 76-1013.

The Nebraska Supreme Court has held that section 76-1013 does not prevent a creditor secured by other collateral from enforcing its lien in the other collateral despite not having a deficiency judgment. *Doty v. W. Gate Bank, Inc.*, 874 N.W.2d 839 (Neb. 2016). This is what Auro seeks to do – enforce its rights in other collateral covered by the security agreement. However, the *Doty* opinion is clear that a creditor may pursue only non-judicial efforts to collect, because section 76-1013 specifically bars "an action" to recover the balance due under the obligation for which the trust deed was given as security. 874 N.W.2d at 845. "The plain language used – 'an action' – is the language of a legal suit, not nonjudicial foreclosure." *Id.* at 847.

> [W]e hold that under § 76-1013, an action to recover the balance due upon the obligation for which the trust deed was given as security does not include enforcement of liens upon or security interests in other collateral given to secure the same obligation. Accordingly, § 76-1013 does not govern the Bank's right to exercise its powers of sale under the other DOT's or the other collateral which was substituted by agreement.

*Id.* at 848.

The Utah Court of Appeals interpreted the term "an action" in that state's deficiency judgment statute – essentially identical to Nebraska's – to include lawsuits brought to recover the balance due on an obligation secured by a deed of trust:

> To determine the Act's applicability to an action, we examine the nature of the action and ask "whether [it] is one 'to recover the balance due upon the obligation for which the trust deed was given as security.' " *Surety Life Ins. Co. v. Smith*, 892 P.2d 1, 3

(Utah 1995) (quoting Utah Code Ann. § 57–1–32). Actions "to recover the balance due on the indebtedness secured by [a] trust deed" are "the very type of action[s] contemplated by the Act." *Id.*

*Machock v. Fink*, 101 P.3d 404, 406 (Utah Ct. App. 2004), *aff'd*, 137 P.3d 779 (Utah 2006).

Here, Auro is seeking dismissal of this bankruptcy case as a bad-faith filing. It is also seeking relief from the automatic stay to pursue its state-law remedies under the UCC in its additional collateral, or in the alternative, adequate protection of its interest.

In its brief, the debtor agrees that *Doty* stands for the proposition that "a lender that fails to seek a deficiency judgment required by §76-1013 can still look to additional collateral in a non-judicial foreclosure setting to satisfy its claims, but that the lender cannot pursue any 'action' against the debtor or borrower." Debtor argues that Auro's litigation in the bankruptcy case constitutes an action to collect the balance due after foreclosing on its deed of trust, and without a deficiency judgment – which Auro admittedly does not have – its actions in this bankruptcy case are prohibited by section 76-1013.

In its motion for relief from stay, Auro is simply seeking the right to recover against its additional collateral under the UCC. Its remedies under the UCC are non-judicial. It seems clear that if this bankruptcy had not been filed, Auro (assuming it can show it has acquired the lender's interests) would be entitled, under *Doty*, to seek its non-judicial UCC remedies against its additional collateral. To find that Auro would lose that right simply because the debtor filed bankruptcy doesn't make sense. Bankruptcy filing adds the element of the automatic stay, and I do not believe that seeking relief from that stay to do that which would be allowed outside of bankruptcy is a type of "action" to collect a debt that is prohibited by section 76-1013. Auro's alternative request for adequate protection can be considered with the motion for relief.

The motion to dismiss, however, raises more concerns. It is seeking a judicial remedy – dismissal of the bankruptcy – as a way of preventing the debtor from reorganizing, apparently in an attempt to collect on the debt Auro claims to hold. Such a motion does seem to be the type of action prohibited by section 76-1013 since it is more than just seeking the right to pursue its non-judicial remedies.

Auro alternatively argues that it holds a viable deficiency claim against the debtor (and therefore has the right to seek dismissal of the bankruptcy case) because the debtor has admitted and acknowledged in writing the existence of the remaining indebtedness to Auro. The Nebraska statutes contain a provision for tolling the running of a statute of limitations to collect a debt if the debtor makes a partial payment or provides a written promise to pay or acknowledgment of the debt. Neb. Rev. Stat. § 25-216.[1] Under Auro's theory, the debtor's acknowledgment of the debt nullifies the

---

[1] 25-216. Part payment; acknowledgment of debt; effect upon accrual

(continued...)

effect of section 76-1013. If Auro were correct, there would be little purpose in having section 76-1013 on the books as long as creditors could obtain a written statement from debtors and override the three-month time limit. The rules of statutory interpretation do not support Auro's alternative argument: When general and special provisions of statutes are in conflict, the specific statute controls over the general statute. *Bergan Mercy Health Sys. v. Haven*, 620 N.W.2d 339, 350 (Neb. 2000).

IT IS ORDERED: Accordingly, trial shall proceed on June 8, 2017, at 9:00 a.m., on Auro's motion for relief from the automatic stay (and alternative request for adequate protection). To be clear, the parties may present evidence and argument on any standing or other issue that has not been directly addressed in this order. Auro's motion to dismiss (Fil. No. 23) is denied for lack of standing.[2] The automatic stay shall remain in full force and effect until further order of this court.

DATED:  May 17, 2017

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
Patrick R. Turner
Michael T. Eversden
Robert A. Klyman
Kahn Scolnick
Daniel Nowicki
United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1](...continued)
In any cause founded on contract, when any part of the principal or interest shall have been voluntarily paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made in writing, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; Provided, that the provisions of this section shall not be applicable to real estate mortgages which have become barred under the provisions of section 25-202 as against subsequent encumbrancers and purchasers for value.

Neb. Rev. Stat. § 25-216.

[2]This order is interlocutory and is not a final order for purposes of appeal.