## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF | ) | Case No. BK 17-80174-TLS |
| | ) | |
| JN MEDICAL CORPORATION | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## <u>MOTION TO EXTEND 11 U.S.C. § 1121(c) DEADLINE</u>

COMES NOW JN Medical Corporation, debtor and debtor-in-possession in the above captioned Chapter 11 bankruptcy case ("Debtor"), pursuant to 11 U.S.C. §§ 105, 1121, of the Bankruptcy Code (11 U.S.C. §§101 *et. seq.),* Federal Rule of Bankruptcy Procedure ("Rule") 9006 and Local Rule of Bankruptcy Procedure ("Local Rule") 9006-2, Appendix A to Local Rules, and in support of its Motion To Extend the 11 U.S.C. §1121(c) Deadline (the "Motion"), states and alleges as follows:

1.   On February 15, 2017 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nebraska (the "Court").

2.   The Debtor remains in possession its assets, and continues to operate pursuant to 11 U.S.C. §§ 1107 and 1108.

3.   The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §1334.

4.   This matter is a core proceeding pursuant to one or more provisions of 28 U.S.C. § 157(b).

5.   Venue is proper in this district and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

IN THE MATTER OF
JN Medical Corporation
Case No. BK 17-80174
Motion to Extend

## Background and Relevant Facts

6.  On July 19, 2017, Debtor filed it first Disclosure Statement, Filing No. 295.

7.  Debtor filed its First Amended Disclosure Statement on October 19, 2017.  Filing No. 327.

8.  The First Amended Disclosure Statement was approved on November 17, 2017.

9.  The exclusivity period contained in 11 U.S.C. §1121(c) expires on or about December 1, 2017.

## Legal Standard

10. Pursuant to 11 U.S.C. §1121, a normal debtor has the exclusive right to file a plan of reorganization for 120 days after the petition date.

11. Moreover, 11 U.S.C. §1121(d) provides that the Court may extend the §1121(c) period to solicit acceptances for the plan.

12. In §121, Congress created exclusive periods of time to file and solicit acceptance of a plan to give a debtor "the unqualified opportunity to negotiate a settlement and propose a plan of reorganization without interference from creditors and other interests."  *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643 (B.A.P. 8th Cir. 2003).

13. As noted above, §1121(d) of the Bankruptcy Code provides that the court may increase the exclusivity periods for cause.  Although Section 1121(d) does not define "cause," courts have adopted a flexible standard for deciding whether a debtor has demonstrated sufficient cause to extend exclusivity.  *See Hoffinger*, 292 B.R. at 643-44; *In re Borders Group, Inc.*, 460 B.R. 818, 821 (Bankr. S.D.N.Y. 2011

14. In determining whether cause exists to extend or reduce the exclusivity periods, courts have discussed the following factors:

CORE/3502356.0002/133477729.1

IN THE MATTER OF
JN Medical Corporation
Case No. BK 17-80174
Motion to Extend

- the size and complexity of the case;

- the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

- the existence of good faith progress toward reorganization;

- the fact that the debtor is paying its bills as they become due;

- whether the debtor has demonstrated reasonable prospects for filing a viable plan;

- whether the debtor has made progress in negotiations with its creditors;

- the amount of time which has elapsed in the case;

- whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

- whether an unresolved contingency exists.

*Adelphia Commn's Corp.*, 352 B.R. at 586; *see also Hoffinger*, 292 B.R. at 643-44.

15. Moreover, and as noted by this Court, courts "emphasize that these are only factors, not all of which are relevant in every case.  Nor is it simply a question of adding up the number of factors which weigh for and against an extension. It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each. As long as the bankruptcy court does not abuse its discretion, its decision will be affirmed."  *In re Acceptance Ins. Companies, Inc.*, No. BK05-80059-TJM, 2008 WL 3992799, at *2 (Bankr. D. Neb. Aug. 20, 2008)

16. For the reasons set forth herein, an analysis of the above factors weighs heavily in favor of granting an extension of the 11 U.S.C. §1121(c)(3) period to allow Debtor additional time to solicit acceptances for the plan.

CORE/3502356.0002/133477729.1

IN THE MATTER OF
JN Medical Corporation
Case No. BK 17-80174
Motion to Extend

a) **Complexity of Case:**   Though the debt levels in this particular case are not particularly high for a typical chapter 11 case in this jurisdiction, it is a rather complex case.  In addition to the Chapter 5 causes of action Debtor will be pursuing against its former and CEO, as well as investigating other possible claims, Debtor has filed suit to determine the scope and extent of Auro's claim and claimed liens.  It is a rare case indeed in which a debtor is dealing with a creditor/competitor who does not want to be repaid yet who may in fact not be owed any money from the debtor and/or may have already been paid in full under applicable state law.  The resolution of these issues will involve the interpretation of both state and federal bankruptcy law.  Moreover, the shear amount of discovery that has occurred to date highlights the complexity of this matter, and to that end, additional discovery will be needed from Auro and number of other third parties.

b) **Time to Negotiate a Plan:**  Debtor has filed its plan and has begun the process of negotiating with creditors on what, if any, changes to the plan might be needed.

c) **Good Faith Progress to Reorganization:**  Debtor has filed its plan and has executed a term sheet with the proposed licensee.  Debtor is now engaged in regular discussions on a final licensing agreement.  Debtor is also actively courting investment opportunities and exit financing opportunities.  Lastly, Debtor is actively exploring options for moving its assets and operations following confirmation and in the event it cannot reach an agreement with Auro regarding the use and occupancy of Debtor's former facility.

d) **Paying Bills:**  Debtor has few bills that come due in the ordinary course at this stage. Nevertheless, Debtor is current on its taxes and is current on its property insurance.

CORE/3502356.0002/133477729.1

IN THE MATTER OF
JN Medical Corporation
Case No. BK 17-80174
Motion to Extend

Debtor is also current on the substantial payments due to Auro under the stipulation between Debtor and Auro that resolved Auro's Motion to Dismiss and Motion for Relief previously filed in this case ("Auro's Motions").

e) **Viable Plan:** Debtor has already proposed a viable plan.

f) **Passage of Time:** While this case has been on file for approximately ten months, the first six months of which were spent fighting off Auro's Motion, much progress has been made. Debtor has filed a viable plan of reorganization and has filed suit against Auro to object to Auro's proof of claim (the outcome of which is will impact the confirmation process). In addition, no or little prejudice will come to the creditors in granting this request as Debtor's plan calls for full repayments of allowed claims and Debtor is currently paying adequate protection to Auro.

g) **Purpose of Request:** This request is made in good faith and not made with the intention to pressure creditors to submit to the debtor's reorganization demands. Rather, Debtor's request is predicated on reaching resolution as to the scope and amount of Debtor's obligations to all creditors. The relief requested in this Motion will not delay the confirmation process as the confirmation process is tied to the adversary proceeding against Auro.

h) **Unresolved Contingencies:** Debtor reincorporates its arguments in this Motion to support the proposition that there are a number of unresolved contingencies that must be address.

17. Ultimately, the granting of this Motion is in the discretion of the Court, which is well aware of the issues and complexities raised in the case. Based on the above, there is ample cause for the Court to grant the relief requested below.

CORE/3502356.0002/133477729.1

IN THE MATTER OF
JN Medical Corporation
Case No. BK 17-80174
Motion to Extend

## **Relief Requested**

18. By this Motion, Debtor requests that the Court, pursuant to 11 U.S.C. §1121(d) extend the solicitation period contained in §1121(c)(3) for 90 days, to allow Debtor the time and opportunity to move through the adversary proceeding and confirmation process without having to simultaneously fight Auro on any competing plan it may file.[1]

WHEREFORE, Debtor requests that this Court granting this Motion in full and: (i) immediately enter an order granting this Motion and extending the Debtor's §1121(c)(3) solicitation period for 90 days and grant any other relief at equity or la deemed necessary.

Respectfully submitted this 1st day of December, 2017.

**JN MEDICAL CORPORATION, Debtor**

By:    */s Patrick R. Turner*
    Patrick R. Turner (#23461)
    Stinson Leonard Street, LLP
    1299 Farnam Street, Suite 1500
    Omaha, NE 68102
    Tel. No. (402) 342-1700
    Fax No. (402) 342-1701
    Patrick.turner@stinson.com

---

[1] At the trial on the Motions, Auro announced its intentions to file its own plan of reorganization in this case.

CORE/3502356.0002/133477729.1

IN THE MATTER OF
JN Medical Corporation
Case No. BK 17-80174
Motion to Extend

## NOTICE OF FILING AND
## NOTICE SETTING OBJECTION/RESISTANCE DEADLINE

TO: ALL PARTIES IN INTEREST

NOTICE IS HEREBY GIVEN that the undersigned caused to be filed its Motion To Extend 11 U.S.C. § 1121(c) Deadline.  Notice is further given:

1.  That the last day to object or resist the Application is December 22, 2017**.**

2.  That if the objection/resistance period expires without the filing of any objection or resistance, the Bankruptcy Court will consider entering an Order approving the disclosure statement without further hearing.

## CERTIFICATE OF SERVICE

The Undersigned hereby certifies that on this 1st day of December, 2017, a true and correct copy of: (1) the Motion To Extend 11 U.S.C. § 1121(c) Deadline; and (2) Notice Setting Objection/Resistance Deadline And Hearing Date, were sent to those parties receiving electronic notice via the CM/ECF system, and by United States Postal Mail, postage prepaid, to those parties identified on the official mailing matrix maintained by the Bankruptcy Court for the above captioned bankruptcy case.

By:    /s/ Patrick R. Turner
        Patrick R. Turner #23461

CORE/3502356.0002/133477729.1