## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | CASE NO.  BK 17-80174-TLS |
| JN MEDICAL CORPORATION, | CHAPTER 11 |
| Debtor. | |
| | Adv. Proc. No.  17-08016 |
| JN MEDICAL CORPORATION, | JURY TRIAL DEMANDED |
| Plaintiff, | |
| v. | |
| AURO VACCINES, LLC, | |
| Defendant. | |

### ANSWER TO AMENDED COMPLAINT

Auro Vaccines, LLC ("Defendant"), a secured creditor of JN Medical Corporation (the "Plaintiff" or "Debtor"), the plaintiff in the above-captioned adversary proceeding case, hereby submits this answer to the complaint filed by the Plaintiff, as follows:

1.      Capitalized terms not defined herein have the same meaning as they are given in the Complaint.

2.      Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 1 and therefore denies the same.

3.      Defendant admits the allegations contained in Paragraphs 2-5 of the Complaint.

4.      Answering paragraph 6 of the Complaint, Defendant admits that the Debtor objects to Defendant's Claim and asserts other causes of action against Defendant but denies that Debtor's objection and other causes of action have any validity.

5.      Defendant denies the allegations contained in Paragraphs 7 and 8. With respect to proceedings related to the Complaint, Defendant does not consent to the jurisdiction of this Court, to this Court entering any final order, or this Court conducting any jury trial.

6.      Paragraph 9 contains legal conclusions to which no response is required.

7.      Defendant admits the allegations contained in Paragraphs 10 and 11 of the Complaint.

8.      The Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 12 and 13 and therefore denies the same.

9.      Answering Paragraph 14, Defendant admits that the Debtor entered into the Loan Agreement and that a copy of the Loan Agreement is attached to the Complaint as Exhibit A. Defendant further admits that the Debtor borrowed the principal amount of $3,500,000. Defendant is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 14 and therefore denies the same.

10.     Answering Paragraphs 15-17, Defendant admits that Exhibit A to the Complaint contains the Loan Agreement but states that the Loan Agreement speaks for itself. The Defendant denies the Plaintiff's characterization of that agreement and therefore the remaining allegations contained in Paragraphs 15-17.

11.     Defendant admits the allegations contained in Paragraph 18 of the Complaint.

12.     Answering Paragraph 19, Defendant admits that Exhibit B to the Complaint contains the Note the Plaintiff signed in connection with the Loan but states that the Note speaks for itself. Defendant thus denies the Plaintiff's characterization of the Note and denies the remaining allegations contained in Paragraph 19.

13.     Defendant admits the allegations contained in Paragraphs 20-23 of the Complaint.

14.    Defendant denies the allegations contained in Paragraph 24 of the Complaint.

15.    Answering Paragraph 25, Defendant admits that the Plaintiff was in default for failure to make required payments when due on the Loan and that Exhibit D contains a copy of a letter from counsel for Full Circle to the Plaintiff, but Defendant states that the letter speaks for itself and therefore denies the remaining allegations contained in Paragraph 25.

16.    Defendant denies the allegations contained in Paragraph 26 of the Complaint.

17.    Defendant admits the allegations contained in Paragraph 27 of the Complaint.

18.    Answering Paragraph 28 Defendant admits that Exhibit F to the Complaint contains a letter from counsel for Full Circle to the Plaintiff but states that the letter speaks for itself and therefore denies the remaining allegations contained in Paragraph 28.

19.    Defendant admits the allegations contained in Paragraphs 29 and 30 of the Complaint.

20.    Answering Paragraph 31, Defendant states that the forbearance agreement the Debtor executed speaks for itself and therefore denies the remaining allegations contained in Paragraph 31.

21.    Answering Paragraph 32, Defendant admits that Full Circle was acquired by Great Elm Capital Corporation but states that it is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 32 and therefore denies the same.

22.    Defendant admits the allegations contained in Paragraphs 33 and 34 of the Complaint.

23.    Answering Paragraph 35, Defendant admits that it was not an original party to the Loan Agreement but denies the remaining allegations contained in Paragraphs 35 of the Complaint.

24.     Defendant admits the allegations contained in Paragraph 36 of the Complaint.

25.     Answering Paragraph 37, the Defendant states that the Purchase Agreement speaks for itself and denies the Plaintiff's characterization of it.

26.     Defendant admits the allegations contained in Paragraphs 38-40 of the Complaint.

27.     Answering Paragraph 41-45, the Defendant states that the Loan Agreement speaks for itself and denies the Plaintiff's characterization of it.

28.     The Defendant is without sufficient knowledge to admit or deny the allegations in Paragraph 46 and therefore denies the same.

29.     Answering Paragraphs 47-48, the Defendant states that the Purchase Agreement speaks for itself and denies the Plaintiff's characterization of it.

30.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

31.     Answering Paragraph 50, Defendant admits that the Debtor sent Defendant informal requests for documents on March 10, 2017 pursuant to a letter from Debtor's counsel, which is attached as Exhibit L, but Defendant denies the remaining allegations contained in Paragraph 60.

32.     Answering Paragraph 51, Defendant states that the Plaintiff's informal document requests speak for themselves and denies the Plaintiff's characterization of them.

33.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

34.     Answering Paragraph 53, Defendant states that the exhibit list speaks for itself and denies the Plaintiff's characterization of it.

35.     Answering Paragraph 54, Defendant admits that a copy of the Note is attached as Exhibit M to the Complaint but states that the Note speaks for itself and thus denies the remaining allegations contained in Paragraph 54.

36.     Answering Paragraph 55, Defendant states that the Note speaks for itself and denies the remaining allegations contained in Paragraph 55.

37.     Answering Paragraph 56, Defendant admits that it filed Doc. 248 in the Plaintiff's bankruptcy case and that a copy of it is attached as Exhibit N. Defendant denies the remaining allegations contained in Paragraph 56.

38.     Answering Paragraph 57, Defendant admits that it filed Doc. 247  in the Plaintiff's bankruptcy case and that a copy of it is attached as Exhibit O. Defendant denies the remaining allegations contained in Paragraph 57.

39.     Defendant denies the allegations contained in Paragraph 58.

40.     Answering Paragraph 59, Defendant states that the promissory note referred to in Paragraph 59 speaks for itself and thus denies the allegations contained in Paragraph 59.

41.     Answering Paragraph 60, Defendant states that the promissory note referred to in Paragraph 60 speaks for itself and thus denies the allegations contained in Paragraph 60.

42.     Answering Paragraph 61, Defendant admits that the power-of-attorney appearing at Doc. 247 was first produced to the Plaintiff on June 1, 2017 but denies the other allegations contained in Paragraph 61.

43.     Defendant denies the allegations contained in Paragraph 62 of the Complaint.

## COUNT I

44.     Answering Paragraph 63, Defendant incorporates its answers in the foregoing paragraphs as if fully set forth herein.

45.     Answering Paragraphs 64-65, the Defendant states that the Purchase Agreement speaks for itself and denies the allegations contained in Paragraphs 64 and 65.

46.     Defendant denies the allegations contained in Paragraphs 66-70 of the Complaint.

## COUNT II

47.     Answering Paragraph 71, Defendant incorporates its answers in the foregoing paragraphs as if fully set forth herein.

48.     Answering Paragraphs 72-73, the Defendant states that the Purchase Agreement speaks for itself and denies the allegations contained in Paragraphs 72 and 73.

49.     Defendant denies the allegations contained in Paragraphs 74-76 of the Complaint.

50.     Answering Paragraph 77, Defendant admits that on February 15, 2017 it filed an amendment to the Financing Statement with the Nebraska Secretary of State at filing number 9817965335-5, a copy of which is attached to the Plaintiff's Complaint in Exhibit K. The Defendant denies the remaining allegations contained in Paragraph 77 of the Complaint.

51.     Defendant denies the allegations contained in Paragraphs 78-85 of the Complaint.

## COUNT III

52.     Answering Paragraph 86, Defendant incorporates its answers in the foregoing paragraphs as if fully set forth herein.

53.     Answering Paragraph 87, Defendant states that Neb. Rev. Stat. § 76-1013 speaks for itself and denies any characterization of it by the Plaintiff.

54.     Paragraph 88 contains legal conclusions to which no response is required.

55.     Defendant denies the allegations contained in Paragraph 89 of the Complaint.

56.     Paragraph 90 contains a legal conclusion to which no response is required.

57.     Answering Paragraph 91, Defendant admits that Full Circle conducted a foreclosure sale on or about August 16, 2016 but states that the remaining allegations contained in Paragraph 91 are legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies the same.

58.     Answering Paragraph 92, Defendant admits that Full Circle did not bring a deficiency action against the Debtor within three months after the Foreclosure Sale. Defendant further states that the Nebraska Trust Deeds Act speaks for itself.

59.     Answering Paragraph 93, Defendant admits that it is the successor-in-interest to Great Elm as to the Loan, which in turn was the successor-in-interest to Full Circle. Defendant denies all other allegations contained in Paragraph 93.

60.     Answering Paragraphs 94-96, Defendant states that the allegations contained in Paragraphs 94-96 are legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies the same.

61.     Defendant states that Paragraphs 97 and 98 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same.

## COUNT VI

62.     Answering Paragraph 99, Defendant incorporates its answers in the foregoing paragraphs as if fully set forth herein.

63.     Answering Paragraphs 100-104, the Defendant states that the allegations contained in Paragraphs 100-104 are legal conclusions to which no response is required. To the extent that a response is required, the Defendant denies the same.

64.      Defendant denies all allegations contained in the Complaint that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.     The Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted.

2.      Defendant has a valid, perfected first-priority security interest in all of the Plaintiff's assets, including patents and patent rights.

3.      Defendant did not receive a transfer of an interest of the Debtor in property within ninety days before the Debtor's bankruptcy filing, and the Plaintiff therefore may not avoid the Defendant's security interest in the Plaintiff's assets or any UCC filing related thereto.

4.      Defendant's UCC filing on February 15, 2017 did not allow Defendant to receive more than it would have recovered pursuant to a distribution under Chapter 7, and the Plaintiff therefore may not avoid the Defendant's security interest in the Plaintiff's assets or any UCC filing related thereto.

5.      Defendant is not precluded by any statute of limitations from asserting its claim in the Plaintiff's bankruptcy case.

6.      Defendant's claim is not an action that is precluded under Neb. Rev. Stat. § 76-1013.

7.      Plaintiff has acknowledged its debt to the Defendant under the Loan, which renewed the applicable statute of limitations.

8.      Even if Defendant is barred from recovering a deficiency against the Debtor under the applicable statute of limitations (which Defendant denies), Defendant is not precluded from asserting its secured claim against the Plaintiff in the Plaintiff's bankruptcy case.

9.      Defendant is the owner of the Loan and is fully authorized to file a proof of claim in the Plaintiff's bankruptcy case and otherwise to enforce the Loan.

10.     Defendant is fully authorized under the Loan and applicable law to collect post-petition interest, default interest, attorneys' fees, and other expenses.

11.     The Plaintiff may not recover on its claims to the extent that the doctrine of laches applies.

12.     The Plaintiff may not recover on its claims to the extent that the doctrine of unclean hands applies.

13.     The Plaintiff may not recover on its claims to the extent that it has waived any such claims.

14.     The Plaintiff may not recover on its claims to the extent that it is estopped from recovering on such claims.

15.     The Plaintiff may not recover on its claims to the extent that any statute of limitations applies.

16.     The Defendant reserves the right to add such additional affirmative defenses as they become known through additional discovery and/or investigation.

WHEREFORE, Auro requests that the Court deny all relief requested by the Plaintiff, dismiss the Plaintiff's Complaint with prejudice, enter an order allowing the Defendant's claim in full as a secured claim, including attorneys' fees, and grant such other relief as may be warranted under the circumstances.

## DEMAND FOR JURY TRIAL

**COMES NOW** Auro Vaccines, LLC, and, by and through its attorneys of record, and hereby demands a trial by jury of all issues so triable in the above-captioned matter. Said Defendant does not consent to having a jury trial conducted by the Bankruptcy Court or to having the Bankruptcy Court enter a final order or judgment.

DATED this 15th day of December, 2017.

AURO VACCINES, LLC, Defendant

By: */s/ Michael T. Eversden*
Michael T. Eversden, Esq. #21941
McGRATH NORTH  MULLIN & KRATZ, PC LLO
First National Tower
1601 Dodge Street, Suite 3700
Omaha, Nebraska 68102
Telephone:  (402) 341-3070
Facsimile:  (402) 341-0216
meversden@mcgrathnorth.com

– and –

Robert A. Klyman
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone:  (213) 229-7000
Facsimile:  (213) 229-7520
rklyman@gibsondunn.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served by electronic filing utilizing the Court's CM/ECF system which gave notification electronically upon all parties who have filed an appearance or motion by electronic filing in this case on this 15th day of December, 2017.

*/s/ Michael T. Eversden*